[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15187
Non-Argument Calendar
_____

D.C. Docket No. 2:07-cr-00040-JES-DNF-1

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

BOBBY B. HODGES, JR.,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 20, 2014)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Bobby Hodges, Jr. ("Hodges") appeals the sentence that was imposed for

Hodges's violations of his supervised release conditions. On appeal, Hodges

argues that, although his sentence is one month below the low end of his guideline range, he should have received no further imprisonment and had his supervised release reinstated to provide him a better opportunity at rehabilitation through drug treatment.

We generally review the revocation of supervised release for an abuse of discretion, *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008), and a sentence imposed upon revocation of supervised release for reasonableness, *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  When reviewing for reasonableness, we in turn apply the abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594, 169 L.Ed.2d 445 (2007). Revocation of supervised release is mandatory if the defendant unlawfully possesses a controlled substance. 18 U.S.C. § 3583(g). Where revocation is mandatory, the district court is not required to consider the Section 3553(a) factors. *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000). Rather, the only limitation on the sentence is that the term of imprisonment must not exceed the maximum term of imprisonment authorized under § 3583(e)(3). 18 U.S.C. § 3583(g). The court may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

2

When review for substantive reasonableness is appropriate, we examine the totality of the circumstances and ask "whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). In order to vacate a sentence, we must have the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). Ordinarily, we expect, but do not presume, a sentence within the guidelines range to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in § 3553(a). *Id.*

Revocation of Hodges's supervised release was mandatory given that Hodges admittedly used and therefore unlawfully possessed cocaine. *See* 18 U.S.C. § 3583(g). Hodges has failed to establish that his below-guidelines sentence was unreasonable. *See Talley*, 431 F.3d at 788. Hodges's multiple and repeated violations of his supervised release suggest that (1) supervised release would not help end Hodges's illegal drug use, and (2) Hodges's six-month sentence was a reasonable one.

3

**AFFIRMED.**[1]

---

[1] On appeal, the government raises the issue and concedes that the district court plainly erred by imposing a prison term and supervised-release term that together exceeded the three-year maximum supervised-release term for Hodges's felon-in-possession conviction. *See* 18 U.S.C. § 3583(b)(2), (h). However, shortly after Hodges's new term of supervised release began, Hodges's post-revocation supervised release was revoked, and he was sentenced to a 12-month term of incarceration without any further term of supervised release. Therefore, this issue is rendered moot and there is no miscarriage of justice.